

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2010

# In Re: Frederick Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-1907

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Frederick Banks " (2010). *2010 Decisions.* Paper 1359.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1359

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-184                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 10-1907

———————

IN RE: FREDERICK H. BANKS

———————

On a petition for Writ of Mandamus

———————

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 29, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 11, 2010)

———————

OPINION

———————

PER CURIAM

Frederick H. Banks is a federal prisoner currently incarcerated at the Federal

Correctional Institution in Yazoo City, Mississippi (FCI-Yazoo City).  On March 29,

2010, Banks, proceeding pro se, commenced an original proceeding in this Court by filing

a "Petition for Writ of Mandamus and Prohibition" pursuant to 28 U.S.C. § 1364.  In his

petition, Banks alleges that officers at FCI-Yazoo City are unlawfully holding him in the

Special Housing Unit in order to prevent him from accessing his materials relating to a

pending appeal.  Banks claims that the defendants' conduct violates his "Fifth and Sixth

Amendment right to prosecute his appeal," and asks the Court to "immediately discharge

[him] from unlawful confinement, provide his legal papers, and enjoin [the defendants] from this conduct." (Pet. 1.)

We will deny the petition. The remedy of mandamus is reserved for the most "extraordinary situations." DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (citations omitted); Media Gen. Operations v. Buchanan, 417 F.3d 424, 434 (4th Cir. 2005). Because Banks has civil remedies available, including an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), which should be brought in the district court in the first instance, Banks has not established that mandamus relief is warranted.

Accordingly, we will deny the petition for a writ of mandamus.